In the

# United States Court of Appeals

## For the Seventh Circuit

No. 06-1969

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

JIMMIE MALLETT,

*Defendant-Appellant.*

Appeal from the United States District Court
for the Northern District of Indiana, Hammond Division.
No. 02 CR 31—**Theresa L. Springmann**, *Judge.*

ARGUED FEBRUARY 13, 2007—DECIDED AUGUST 3, 2007

Before BAUER, POSNER, and WILLIAMS, *Circuit Judges.*

BAUER, *Circuit Judge.* A jury convicted Jimmie Mallett of knowingly and intentionally maintaining a place for the purpose of manufacturing, distributing, or using crack cocaine, in violation of 21 U.S.C. § 856(a)(1), and possession with the intent to distribute crack cocaine, in violation of 21 U.S.C. § 841(a)(1). The district court sentenced him to 210 months' imprisonment. On appeal, Mallett challenges the district court's transfer of the case from the Hammond Division to the Fort Wayne Division, the district court's ruling to admit evidence of prior conduct, and his sentence. We affirm.

## I.  Background

In December 2001, a confidential source made four controlled buys of crack cocaine from individuals, including Mallett, living at a house at 571 Madison Street in Gary, Indiana. After the last controlled buy, the federal drug task force executed a search warrant for the house and arrested Mallett and his housemates. The officers recovered marijuana, powder cocaine, crack cocaine packaged for sale in separate plastic bags, and numerous small plastic bags. The officers also recovered $6,813.45 in cash from various locations, including a videocassette case; several envelopes addressed to Mallett; ammunition; and a firearm.

After his arrest, Mallett admitted that he lived at the house and that crack cocaine was sold from the house to approximately 20 to 25 people per day. He also admitted that he obtained powder cocaine before cooking it into crack cocaine and also hid drugs and money in videocassette cases. Mallett provided details of the operation and implicated his housemates. After agreeing to cooperate, Mallett was released from custody. Ultimately, Mallett did not cooperate and was later arrested at the same house on April 19, 2002.

At sentencing, the district court found that the advisory Sentencing Guideline range was 168-210 months' imprisonment and sentenced him to 210 months' imprisonment. Mallett filed this timely appeal.

## II.  Discussion

### A.  Division Transfer

Mallett first claims that his Sixth Amendment right to trial by an impartial jury of his peers was violated when the district court transferred his case from the Hammond

Division to the Fort Wayne Division, both of which are in the Northern District of Indiana. The charged offense took place in Lake County, Indiana, which is in the Hammond Division. The district court reassigned the case to the Fort Wayne Division because of workload considerations pursuant to Local Rule 40.1(f).

Mallett never objected to the divisional transfer of his case. Therefore, our review is for plain error only. To constitute plain error, there must be error, that is plain, and that affects substantial rights. *Johnson v. United States*, 520 U.S. 461, 467, 117 S. Ct. 1544, 137 L. Ed. 2d 718 (1997). Mallett has failed to establish that any error occurred. A defendant may be tried in a division of a judicial district different than the division where the crime was committed. *Humphrey v. United States*, 896 F.2d 1066, 1068-69 (7th Cir. 1990). We find that the district court did not err in transferring the case to a division within the district where the crime occurred.

### B.  Rule 404(b) Evidence

Mallett next challenges the district court's ruling to admit evidence of his prior cocaine sales. Eight months before the charged conduct, on April 25, 2001, Indiana state police officers arrested Mallett at his house after observing him sell crack cocaine to a prostitute. The officers recovered approximately 85 grams of cocaine base, drug paraphernalia, a cellular telephone, and firearms from his house. The next day, Mallett signed a *Miranda* waiver and admitted that he had sold crack cocaine to the prostitute. The State of Indiana charged Mallett with several violations of controlled substance laws. He moved to suppress his statements and the results of the police search of the house. In response, the State of Indiana dismissed all charges against him. At trial for Mallett's later charged conduct, the federal government introduced

evidence of this incident to show Mallett's intent and knowledge. We review the district court's ruling on the admissibility of evidence of prior acts for abuse of discretion. *United States v. Redditt*, 381 F.3d 597, 601 (7th Cir. 2004).

Federal Rule of Evidence 404(b) precludes the use of evidence of prior acts to show a defendant's propensity to commit similar crimes, but evidence of a prior act may be admissible to show proof of intent and knowledge. Fed. R. Evid. 404(b). Nevertheless, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice. Fed. R. Evid. 403. Evidence of a defendant's prior acts is admissible only if four requirements are met: (1) the evidence is directed toward establishing a matter in issue other than the defendant's propensity to commit the crime charged; (2) the evidence shows that the other act is similar enough and close enough in time to be relevant to the matter in issue; (3) the evidence is sufficient to support a jury finding that the defendant committed the similar act; and (4) the evidence has probative value that is not substantially outweighed by the danger of unfair prejudice. *United States v. Simpson*, 479 F.3d 492, 497 (7th Cir. 2007). Mallett claims that the evidence did not satisfy the third and fourth prongs of the test.

To satisfy the third prong, the government need only present sufficient evidence to support a finding by the jury that Mallett committed the similar act. *Huddleson v. United States*, 485 U.S. 681, 685, 108 S. Ct. 1496, 99 L. Ed. 2d 771 (1988). Mallett confessed to the prior cocaine sale, and his confession was corroborated with the physical evidence found in his home. The evidence itself was reliable, without reference to any claim of an illegal seizure. The district correctly found that the evidence was sufficient to support the finding of the jury.

Mallett also asserts that the evidence of his prior cocaine sales was unfairly prejudicial and cumulative. We disagree. The government charged Mallett with knowingly and intentionally maintaining his home as a crackhouse and intentionally distributing cocaine. Because Mallett shared his home with others who also sold drugs, evidence of the prior sale from his house was probative of Mallett's specific intent and not outweighed by any unfair prejudice. Although the government called three witnesses and used seven exhibits to establish the facts of the prior cocaine sale, this evidence only covered 45 pages of a 138 page transcript of the first day of trial and each witness testified to different aspects of the incident.

Furthermore, the district court instructed the jury only to consider evidence of the prior cocaine sale as bearing on Mallet's intent and knowledge. Absent any showing that the jury could not follow the court's limiting instruction, we presume that the jury limited its consideration of the testimony in accordance with the court's instruction. *United States v. James,* 487 F.3d 518, 525 (7th Cir. 2007). The district court did not abuse its discretion in admitting the evidence.

Moreover, there was overwhelming evidence of Mallett's guilt. Mallett confessed to the crime charged which is indeed strong evidence of guilt, and the government presented an enormous amount of physical evidence to prove the charged conduct.

### C.  Sentencing

And finally, Mallett challenges the district court's calculation of his sentence. In the post-*Booker* era, we continue to review the district court's application of the Sentencing Guidelines *de novo* and its factual findings for clear error. *United States v. Bothun*, 424 F.3d 582, 586

(7th Cir. 2005). We review all sentences for reasonableness in light of the factors specified in 18 U.S.C. § 3553(a). Sentences that are within the properly calculated Guidelines range are entitled to a rebuttable presumption of reasonableness. *United States v. Rita*, ___ S. Ct. ___, 2007 U.S. LEXIS 8269, 2007 WL 1772146, at *6 (June 21, 2007).

Section 1B1.3(a)(2) of the Sentencing Guidelines provides that, with a narcotics conviction, the district court should determine the base offense level for sentencing purposes by considering "all such acts and omissions that were part of the same course of conduct or common scheme or plan as the offense of conviction." To qualify as part of the same course of conduct, the two events must be "sufficiently connected or related to each other as to warrant the conclusion that they are part of a single episode, spree, or ongoing series of offenses." U.S.S.G. § 1B1.3(a)(2), Application Note 9(b). Factors include the "degree of similarity of the offenses, the regularity (repetitions) of the offenses, and the time interval between the offenses." *Id.*

In calculating Mallett's base level offense of 32, the district court included the 85 grams of cocaine recovered from Mallett's house in April 2001 as relevant conduct. The district court found that this prior incident was part of the same course of conduct for which Mallett was convicted because the same drug type and the same drug paraphernalia were recovered from the same residence. The district court reasoned that the nature of the crime indicated that there was one drug operation run by Mallett out of the residence that he maintained for the purpose of ongoing drug activity. We agree.

### III. Conclusion

For the foregoing reasons, we AFFIRM the judgment of the district court.

No. 06-1969 7

A true Copy:

Teste:

_____

*Clerk of the United States Court of*
*Appeals for the Seventh Circuit*