In the

# United States Court of Appeals

## For the Seventh Circuit

———————

No. 07-3445

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

FRED T. MOORE,

*Defendant-Appellant.*

———————

Appeal from the United States District Court
for the Southern District of Illinois.
No. 07 CR 30027—**William D. Stiehl**, *Judge*.

———————

ARGUED MAY 8, 2008—DECIDED JULY 1, 2008

———————

Before COFFEY, RIPPLE and SYKES, *Circuit Judges.*

RIPPLE, *Circuit Judge.* A jury convicted Fred Moore of one count of possession with intent to distribute 50 grams or more of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 851, one count of using a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c), and one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). The district court sentenced him to 300 months' imprisonment, to be followed by 10 years' supervised release. On appeal, he challenges the admission into evidence of a statement that he allegedly made to a police officer in

which he described his prior possession of crack for distribution. Because we conclude that the district court did not abuse its discretion by admitting this evidence, we affirm.

# I

## BACKGROUND

On January 29, 2007, police officer Lance Reynolds of Granite City, Illinois, noticed someone driving a stolen car in East St. Louis. Officer Reynolds signaled for the car to stop, but the driver sped off into a nearby alley. The officer followed. He saw the driver and the passenger, Fred Moore, exit the vehicle and flee, and he ran after them. The driver escaped, but Officer Reynolds caught up to Mr. Moore, shortly after observing him throw a bag onto the ground. Mr. Moore resisted arrest, but he finally was handcuffed and detained. Officers retrieved the bag that Mr. Moore had thrown, as well as a .40 caliber Glock 27 handgun found within five feet of the bag. The bag contained 89.2 grams of powder cocaine, 279.1 grams of crack cocaine and $4,045 in cash.

Before trial, the Government gave notice of its intent to introduce evidence under Federal Rule of Evidence 404(b) of Mr. Moore's prior involvement in a drug offense. The Government proposed introducing evidence that, two weeks before the date of the charged offense, Mr. Moore had signed a written statement in which he admitted that he had thrown another bag of crack cocaine from his car while attempting to evade police. The Government submitted that this evidence would establish Mr. Moore's knowledge, intent, motive and absence of mistake with respect to the charged crimes.

Mr. Moore objected to the Government's proposed use of this evidence. He argued that the evidence in question was unreliable and unduly prejudicial. In his view, it was being used improperly to prove his propensity to commit the crimes charged. He also contended that the statement that he allegedly had made to police was not recorded and would confuse the jury.

The district court overruled Mr. Moore's objection. First, the court determined that the evidence was not of the type that was likely to inflame a jury's emotions. Therefore, the court reasoned, an exclusion under Rule 403 for undue prejudice was unwarranted. The court next held that the evidence was admissible to show Mr. Moore's intent, knowledge, lack of mistake or motive with respect to the charged crimes. The court noted that a jury instruction would eliminate any confusion and prevent a "mini-trial" on the earlier arrest. Finally, the court explained that cross-examination of the officer who took Mr. Moore's statement would resolve any question about the statement's reliability.

The uncharged misconduct was admitted at trial through the testimony of Ontourio Eiland, a detective sergeant with the East St. Louis Police Department's Narcotics Unit. Detective Eiland testified that he had witnessed Mr. Moore's statement to the police on January 16, 2007. The Government's lawyer presented Detective Eiland with a copy of the written statement, and he confirmed that it was the same statement that he had witnessed and that it fairly represented Mr. Moore's words. The Detective then read the statement into evidence. According to the statement, Mr. Moore was driving a car when the police attempted to pull him over. Mr. Moore did not pull to the side; he drove quickly to get away

from the police, without stopping at stop signs. In the statement, Mr. Moore also admitted that he had possessed ten rocks of crack cocaine, which he had thrown out of the car's window as the police approached. Mr. Moore stated that he had purchased the drugs the night before for $130 and intended to sell them to someone for double what he had paid for them. During cross-examination, Detective Eiland admitted that he had not been present during the police chase and that he only knew of the events recounted in the statement second-hand. He also stated that, as far as he knew, Mr. Moore possessed only about five grams of crack. The Detective agreed that recording equipment was available in the police station but had not been used during Mr. Moore's alleged statement. Finally, he testified that no charges ever were brought against Mr. Moore in connection with this event.

The Government then called five other witnesses. Officer Reynolds testified about the chase and arrest of Mr. Moore on the night of the charged offense. Wade Gummersheimer, a DEA task force agent, testified that he had interviewed Mr. Moore after his arrest for the charged conduct. He testified that, during this interview, Mr. Moore had admitted that he had thrown down the bag after Reynolds caught up to him but that Mr. Moore had refused to discuss the drugs and the gun. Government witnesses also testified as to the location of the bag of drugs and the firearm, inconclusive fingerprint traces on the gun, the gun's transfer in interstate commerce and Mr. Moore's stipulation that he previously had been convicted of a crime punishable by more than a year's imprisonment.

Mr. Moore called three witnesses to testify: an East St. Louis police officer, a police forensic scientist and an

investigator in the Federal Public Defender's Office. Through these witnesses, Mr. Moore attempted to cast doubt on his possession of the handgun by showing that a man, who had witnessed a previous shooting involving the same gun, lived near the scene of Mr. Moore's arrest and might have put the gun where it was found. However, this testimony was inconclusive: The forensic scientist could not determine whether Mr. Moore had ever fired the gun, and the investigator acknowledged that he had not spoken with the other man or attempted to learn any additional information about him. The jury returned a verdict of guilty on all counts.

## II

## DISCUSSION

### A. Admission of the Evidence

Mr. Moore now challenges the district court's admission of evidence of his previous arrest, including his prior drug dealing and his flight from police. He submits that the evidence did not establish a matter in issue, but was used only to show that he had a propensity to commit the crime.

Rule 404(b) prohibits the use of prior convictions or other evidence of bad acts to establish that the defendant has a propensity to commit crimes. *United States v. Taylor*, 522 F.3d 731, 732 (7th Cir. 2008). However, the Rule does allow such evidence to be introduced to prove other material facts, including motive, opportunity, intent, preparation, plan, knowledge, identity and absence of mistake or accident. *See id*. We review a district court's decision to admit evidence under Rule 404(b) for an abuse of discretion. *United States v. Price*, 516 F.3d 597, 603 (7th

Cir. 2008). Evidence may be admitted under Rule 404(b) only if four conditions are met:

> (1) the evidence is directed toward establishing a matter in issue other than the defendant's propensity to commit the crime charged; (2) the evidence shows that the other act is similar enough and close enough in time to be relevant to the matter in issue; (3) the evidence is sufficient to support a jury finding that the defendant committed the similar act; and (4) the probative value of the evidence is not substantially outweighed by the danger of unfair prejudice.

*United States v. Ross*, 510 F.3d 702, 713 (7th Cir. 2007) (internal quotation marks and citation omitted).

Mr. Moore maintains that neither the first nor the fourth requirement is satisfied. In his view, the district court erroneously determined that evidence of his bad acts was probative of intent, knowledge, lack of mistake and motive. He stresses that the district court should not have admitted the evidence to prove intent or knowledge because there was no direct evidence that he had known that the second bag contained cocaine.

We cannot accept Mr. Moore's argument. Mr. Moore was charged with knowingly possessing drugs with intent to distribute them. The Government therefore had the burden of proving, beyond a reasonable doubt, that Mr. Moore had intended to exercise control over the drugs for distribution and that he knew that the bag indeed contained drugs.[1] The evidence of the prior drug buy, which

---

[1] *See United States v. Mendoza*, 510 F.3d 749, 752 (7th Cir. 2007) ("In order to prove Mendoza was guilty of distribution of

(continued...)

occurred just two weeks before the charged offense, tended to prove that Mr. Moore knew about and intended to control the drugs that he later threw from the vehicle.[2]

Indeed, Mr. Moore himself raised the issue of knowledge. His defense, according to his brief and oral argument, was that he did not knowingly possess the drugs. Instead, he attempted to show that the driver of the stolen vehicle, in which he was a passenger, gave Mr. Moore the bag and told him to toss it, without telling him what was in it. Given this defense, Mr. Moore's prior admission that he had engaged in drug sales suggests that he was not merely an "innocent bystander" to

---

[1] (...continued) amphetamine, the government had to show that Mendoza distributed amphetamine to a third party, that he did so knowingly and intentionally, and that he knew he was distributing a controlled substance."); *United States v. King*, 356 F.3d 774, 779 (7th Cir. 2004) (noting that the Government had to prove that the defendant distributed methamphetamine knowingly or intentionally, knowing that substance was a controlled substance).

[2] *See United States v. Mallett*, 496 F.3d 798, 801-02 (7th Cir. 2007) (concluding that evidence of a drug sale eight months before the charged conduct was properly admitted to show intent and knowledge in a prosecution for maintaining a crack distribution place and for possession with intent to distribute); *United States v. Hurn*, 496 F.3d 784, 787-88 (7th Cir. 2007) (holding that evidence of a 10-year-old drug conviction was properly admitted to show intent in a prosecution for possession with intent to distribute); *see also United States v. Blount*, 502 F.3d 674, 676 (7th Cir. 2007) (concluding that evidence of prior drug deals that had occurred one month before the charged drug offense was properly admitted).

drug activity. *See Taylor*, 522 F.3d at 734 ("[I]f a defendant makes an issue of his criminal intent . . . his previous activities may become relevant to inferring his state of mind with regard to the current charges."); *United States v. Hurn*, 496 F.3d 784, 788 (7th Cir. 2007); *United States v. Chavis*, 429 F.3d 662, 668 (7th Cir. 2005).

### B.  Danger of Unfair Prejudice

Mr. Moore also contends that the district court underestimated the potential for this evidence to influence the jury to render a decision on an improper basis. He submits that the district court assessed this danger only with respect to the emotional impact the challenged evidence might have on the jury, when it should have considered other types of unfair prejudice, such as the possibility that the jury could conclude that the defendant simply is a bad person deserving of punishment. *See United States v. Simpson*, 479 F.3d 492, 497 (7th Cir. 2007).

Mr. Moore has failed to show that the district court abused its discretion in determining that any danger of unfair prejudice did not outweigh substantially the probative value of the evidence. Knowledge was not only an element of the crime but also the focus of Mr. Moore's defense. Evidence that Mr. Moore had possessed and intended to distribute drugs just two weeks before the charged offense was probative of his intent to exercise control over the drugs in the present transaction and of his knowledge of the likely contents of the bag. Because the earlier act was a similar act to the charged offense, this evidence was certainly "prejudicial" to Mr. Moore in the sense that it played a role in establishing the case against him. However, the district court alleviated any

*unfair* prejudice by giving a limiting instruction, the content of which Mr. Moore does not challenge. *See United States v. Denberg*, 212 F.3d 987, 994 (7th Cir. 2000) ("[L]imiting instructions are effective in reducing or eliminating any possible unfair prejudice from the introduction of Rule 404(b) evidence."). Thus, the district court did not abuse its discretion in admitting evidence of the first arrest under Rule 404(b).

## C. Use of the Evidence with Respect to Firearms Charges

Mr. Moore also contends that the district court erroneously ruled that the Rule 404(b) evidence was admissible with respect to the firearms charges because there was no evidence that Mr. Moore had possessed a gun during the earlier arrest. He submits that the district court improperly admitted the evidence to prove all three charged crimes, including the firearms offense.[3] We cannot agree. The evidence was admissible, provided that it met the requirements of Rule 404(b), even if it was not relevant to each charge against Mr. Moore. The jury's use of this evidence was guided by the court's cautionary instruction. Reading the instructions in their totality, we are unable to see how the jury could have misused this evidence in its consideration of the firearms charges. Notably, Mr. Moore did not request a further instruction.

---

[3] The court ruled: "Here, the Court FINDS that this evidence is admissible to show intent, knowledge, lack of mistake, or motive, with respect to the charged crimes, and is not unfairly prejudicial." R.37 at 3-4.

**Conclusion**

We hold that the district court did not abuse its discretion when it admitted evidence of Mr. Moore's prior drug sale and possession. The challenged evidence satisfies the demands of Rule 404(b) because it was relevant and probative on the issue of Mr. Moore's knowledge of the contents of the bag, a fact that Mr. Moore himself put at issue during his trial. We also conclude that the district court properly balanced the possible unfair prejudice to Mr. Moore against the probative value of the evidence, and the cautionary instruction given to the jury adequately guided its deliberations.

Accordingly, the judgment of the district court is affirmed.

AFFIRMED