**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted December 10, 2009
Decided December 11, 2009

**Before**

WILLIAM J. BAUER, *Circuit Judge*

TERENCE T. EVANS, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 09-1084

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| *v.* | No. 04 CR 351-1 |
| ALPHONSO LEBRON, *Defendant-Appellant*. | James F. Holderman, *Chief Judge*. |

**O R D E R**

Alphonso Lebron pleaded guilty to possessing and distributing a controlled substance. *See* 21 U.S.C. § 841(a)(1). At sentencing the district court found that the substance was crack and sentenced Lebron to 188 months' imprisonment. Lebron filed a notice of appeal, but his newly appointed lawyers have concluded that the case is frivolous and move to withdraw. *See Anders v. California*, 386 U.S. 738 (1967). Lebron opposes counsel's motion. *See* CIR. R. 51(b). We limit our review to the potential issues addressed in counsel's facially adequate brief and in Lebron's response. *See United States v. Schuh*, 289 F.3d 968, 973-74 (7th Cir. 2002).

Lebron sold cocaine to a confidential informant and an undercover police officer and was charged with violating § 841(a)(1). The indictment described the substance as "cocaine base (commonly known as 'crack cocaine')." Lebron pleaded guilty, but before sentencing he fired his attorney and, through new counsel, successfully moved to withdraw his plea on the ground that he did not get an opportunity to review all of the discovery in the case. More than a year later, Lebron again pleaded guilty to the charge but informed the district court that, for sentencing purposes, he contested the characterization of the cocaine as crack.

A government chemist, the undercover police officer, and the informant who arranged the transaction all testified at sentencing that the cocaine Lebron sold was crack, not powder. A defense chemist faulted the reliability of the tests conducted by the government chemist, but conceded on cross-examination that the substance looked like crack and "more probably than not" was crack. Lebron testified that he delivered powder cocaine to the informant and speculated that the informant had "cooked" the powder into crack before passing it on to the undercover officer, but in his plea agreement Lebron had admitted that all three men were together in the same car when the drugs he gave the informant were handed over to the officer. The district court disbelieved Lebron and found that the substance was crack, which, the court added, Lebron had "known all along." The court then applied an upward adjustment for obstruction of justice, U.S.S.G. § 3C1.1, and declined to give Lebron credit for acceptance of responsibility, *id.* § 3E1.1.

Lebron told appellate counsel that he does not want his guilty plea vacated, and so they properly refrained from discussing the adequacy of the plea colloquy or the voluntariness of the plea. *See United States v. Knox*, 287 F.3d 667, 670-72 (7th Cir. 2002). But Lebron tells us in his response to counsel's motion that he does want the plea set aside because, he says, it was coerced by the ineffective assistance of his former attorney. According to Lebron, his attorney advised him that pleading guilty would assure him a reduction for acceptance of responsibility even if he contested the drug type at sentencing. And because he relied on counsel's advice regarding the consequences of contesting the drug type, Lebron continues, his guilty plea was involuntary. Lebron's account of events, however, conflicts with the assurances he gave under oath when entering the plea. As the district court explained to Lebron before accepting his plea, a reduction for acceptance of responsibility was not guaranteed, and Lebron told the judge that he fully understood. He further assured the judge that his attorney had not made any promises regarding sentencing and acknowledged that the final sentencing decision belonged to the court. We would presume those representations to be true. *United States v. Linder*, 530 F.3d 556, 564 (7th Cir. 2008); *Schuh*, 289 F.3d at 975. And to the extent that Lebron is unsatisfied with an aspect of counsel's performance not apparent from this record, claims of ineffective assistance are better suited to a collateral action under 28 U.S.C. § 2255 so that a fuller record can be

developed.  *See Massaro v. United States*, 538 U.S. 500, 504-05 (2003); *United States v. Harris*, 394 F.3d 543, 557-58 (7th Cir. 2005).

As for Lebron's prison sentence, counsel evaluate and reject as frivolous four potential challenges.  The first is whether Lebron could dispute the district court's finding that he sold crack, a question that we would review only for clear error.  *See United States v. Padilla*, 520 F.3d 766, 769 (7th Cir. 2008).  The undercover officer and informant both testified that they are familiar with crack and that the substance Lebron gave them was crack.  The government's chemist testified that the substance was cocaine base and sodium bicarbonate, and even the defendant's chemist agreed that the cocaine "more probably than not" was crack.  Any contention that this evidence was too little to establish by a preponderance that the substance was crack and not some other form of cocaine base would be frivolous.  *See* U.S.S.G. 2D1.1(c), Note (D); *United States v. Betts*, 576 F.3d 738, 742-43 (7th Cir. 2009); *United States v. Lake*, 500 F.3d 629, 634 (7th Cir. 2007).

The second potential challenge is the district court's application of a two-level increase for obstruction of justice.  Although a simple denial of guilt or testimony that is the result of confusion, mistake, or faulty memory may not serve as the basis for a finding of obstruction, an increase under § 3C1.1 is warranted if a defendant provides materially false testimony in a willful attempt to obstruct or impede the investigation, prosecution, or sentencing of the offense.  U.S.S.G. § 3C1.1; *United States v. Dunnigan*, 507 U.S. 87, 94 (1993); *United States v. Bryant*, 557 F.3d 489, 501 (7th Cir. 2009).  Lebron's testimony at sentencing provided ample basis for this increase.  The government introduced substantial evidence showing that Lebron sold crack, and despite his insistence that the substance was powder cocaine, the court concluded that Lebron "knew all along" it was crack.  And since Lebron's testimony went to the key issue at sentencing, it was material.  *See United States v. Bermea-Boone,* 563 F.3d 621, 627 (7th Cir.), *cert. denied*, 78 U.S.L.W. 3207 (2009).  Lebron's lawyers are thus correct in concluding that an appellate claim about § 3C1.1 would be frivolous.

The same is true about acceptance of responsibility, another of the potential sentencing arguments counsel discuss but reject.  A defendant is not entitled to the adjustment merely for pleading guilty.  U.S.S.G. § 3E1.1 cmt. n.3; *United States v. Krasinski*, 545 F.3d 546, 554 (7th Cir. 2008).  And only in the "extraordinary" case is a defendant who obstructs justice still eligible for acceptance of responsibility.  U.S.S.G. § 3E1.1 cmt. n.4; *Krasinski*, 545 F.3d at 554; *United States v. Boyle*, 484 F.3d 943, 944 (7th Cir. 2007).  This is not one of those "extraordinary cases."  After admitting the true facts during the plea colloquy, Lebron falsely denied his conduct at sentencing, and in light of the district court's finding that he intentionally attempted to obstruct justice, we could not say that the court clearly erred by denying him a two-point reduction for acceptance of responsibility.

Finally, counsel consider characterizing Lebron's prison sentence as unreasonable based on the different sentencing consequences for crack and powder cocaine. In *Kimbrough v. United States* the Supreme Court held that a sentencing judge may conclude, even in a "mine-run case," that the crack-to-powder ratio underlying the base offense levels in U.S.S.G. § 2D1.1 would produce a sentence greater than necessary for the particular defendant. 552 U.S. 85, 109-10 (2007); *see United States v. Bruce*, 550 F.3d 668, 674 (7th Cir. 2008). Yet the district court understood that it could disagree with the ratio in the guidelines, but concluded that the offense levels in § 2D1.1 were appropriate "in this instance." The court then sentenced Lebron to 188 months, the bottom of the correctly calculated range of 188 to 235 months. As counsel note, Lebron's sentence is therefore presumptively reasonable. *See Rita v. United Sates*, 551 U.S. 338, 347 (2007); *United States v. Turner*, 569 F.3d 637, 640 (7th Cir. 2009). Counsel can identify no other reason why Lebron's sentence would be unreasonable, nor can we.

Accordingly, we GRANT counsel's motion to withdraw and DISMISS the appeal.