**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**April 25, 2011**

**Elisabeth A. Shumaker**
**Clerk of Court**

PUBLISH

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

v.

JOSE SANTOS VAQUERA-JUANES,

        Defendant - Appellant.

No. 10-2063

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**
**(D.C. NO. 2:09-CR-01049-JB-1)**

---

Thomas B. Jameson, Assistant Federal Public Defender, Albuquerque, New Mexico, for Defendant-Appellant.

David N. Williams, Assistant United States Attorney (Kenneth J. Gonzales, United States Attorney, with him on the brief), Albuquerque, New Mexico, for Plaintiff-Appellee.

---

Before **BRISCOE,** Chief Judge, **MURPHY**, and **MATHESON**, Circuit Judges.

---

**MURPHY**, Circuit Judge.

## I.    Introduction

Appellant, Jose Santos Vaquera-Juanes, was charged in a single-count indictment with knowingly attempting to reenter the United States after having been previously deported.  Vaquera-Juanes pleaded guilty and was sentenced to forty-nine months' imprisonment and two years' supervised release.  Although he did not raise the issue during sentencing, Vaquera-Juanes now argues the district court erred by imposing a condition of supervised release without first making required findings.  *See United States v. Souser*, 405 F.3d 1162, 1165 (10th Cir. 2005) (holding a district court may not impose an occupational restriction without first finding that the criteria set forth in USSG § 5F1.5 are met).

Exercising jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a), this court dismisses Vaquera-Juanes's appeal on prudential ripeness grounds.

## II.    Background

In April 2009, Vaquera-Juanes was charged in a one-count indictment with attempted illegal reentry by a previously removed alien.  He pleaded guilty to violating 8 U.S.C. § 1326 and a presentence investigation report ("PSR") was prepared prior to sentencing.  The PSR revealed that Vaquera-Juanes's prior criminal conduct included several drunk driving convictions and two federal drug convictions, one committed when Vaquera-Juanes was seventy-one years old and the other committed when he was seventy-four years old.  Accordingly, the PSR

calculated Vaquera-Juanes's criminal history at Category V based on eleven criminal history points. The Category V criminal history, coupled with a total offense level of twenty-one, resulted in an advisory guidelines range of seventy to eighty-seven months' imprisonment.

Vaquera-Juanes filed a sentencing memorandum requesting a substantial downward variance from the advisory guidelines range. In support, Vaquera-Juanes cited his advanced age and the fact that he had lived in the United States, albeit illegally, for most of his life. The Government opposed the downward variance, asking the district court to sentence Vaquera-Juanes within the advisory guidelines range. The district court concluded a downward variance was appropriate and sentenced Vaquera-Juanes to forty-nine months' imprisonment to be followed by a two-year term of supervised release.

One of the standard conditions of supervision, and the only one relevant to the issue Vaquera-Juanes raises on appeal, requires Vaquera-Juanes to "notify third parties of risks that may be occasioned by [his] criminal record or personal history." A similar supervised release condition was held by this court to be an occupational restriction that may not be imposed unless the sentencing court first finds that it comports with § 5F1.5 of the Sentencing Guidelines. *Souser*, 405 F.3d at 1165-66. Although Vaquera-Juanes now argues the district court imposed this condition without making the required findings, he did not object on this basis during sentencing.

**III. Discussion**

Because Vaquera-Juanes did not raise the alleged error with the district court during the sentencing hearing, he concedes the issue is reviewed only for plain error. *United States v. Mike*, 632 F.3d 686, 691 (10th Cir. 2011). The Government, however, argues this court does not have jurisdiction to reach the merits of Vaquera-Juanes's appeal because the issue he raises is not ripe. *See New Mexicans for Bill Richardson v. Gonzales*, 64 F.3d 1495, 1498-99 (10th Cir. 1995) ("The question of whether a claim is ripe for review bears on a court's subject matter jurisdiction under the case or controversy clause of Article III of the United States Constitution."). Ripeness is a justiciability doctrine "drawn both from Article III limitations on judicial power and from prudential reasons for refusing to exercise jurisdiction." *Reno v. Catholic Soc. Servs., Inc.*, 509 U.S. 43, 57 n.18 (1983); *see also Roe No. 2 v. Ogden*, 253 F.3d 1225, 1231 (10th Cir. 2001) (acknowledging the ripeness doctrine has both constitutional and prudential components).

The Government's first argument implicates constitutional ripeness. It makes a general and sweeping assertion that challenges to conditions of supervised release brought while a defendant, like Vaquera-Juanes, is still serving

an antecedent period of imprisonment are never ripe because the conditions may never be enforced.[1]  This argument is easily rejected.

Conditions of supervised release form a part of the criminal judgment and thus, in the Article III sense, a challenge to them involves a genuine case or controversy because the judgment is a final court order binding on an incarcerated defendant at the time of his appeal.  *See Mike*, 632 F.3d at 692 ("[S]upervised release terms are directly appealable, despite the fact that they are subject to later modification, because they are part of the sentencing court's final orders." (quotation omitted)).  The specific issue Vaquera-Juanes raises on appeal involves a genuine case or controversy because the sentence imposed by the district court is final and Vaquera-Juanes's challenge is concrete: the challenged condition is part of a final judgment currently binding on Vaquera-Juanes and he alleges the court committed a procedural error by imposing a condition of supervised release without making required findings.  Further, this court has previously accepted the Government's position, directly contrary to the one it now makes, that a defendant's challenge to a supervised release condition must be brought on direct appeal.  *United States v. Wayne*, 591 F.3d 1326, 1334, 1335 n.8 (10th Cir. 2010) (refusing to consider defendant's argument that the district court abused its

---

[1]The Government, *inter alia*, argues "Vaquera[-Juanes] could die in prison," presumably because he is already seventy-seven years old.  The same, however, could be said for all criminal defendants.

discretion in imposing supervised release conditions because the issue was not raised on direct appeal).

Although this appeal satisfies the Article III component of the ripeness inquiry, we are nevertheless persuaded that, for prudential reasons, jurisdiction should not be exercised and the appeal should be dismissed. Questions of prudential ripeness typically arise only in civil cases. This court, however, has previously addressed the issue in criminal cases involving conditions of supervised release. *Id.* at 1329 n.1; *United States v. White*, 244 F.3d 1199, 1202-04 (10th Cir. 2001). The Government relies on those cases for its prudential ripeness argument.

In *United States v. White*, the appellant served his custodial sentence and then brought a challenge to three conditions of supervised release, arguing they infringed his constitutional rights. 244 F.3d at 1201. The Government argued for dismissal on ripeness grounds because none of the conditions had yet been enforced against the appellant and the challenges were therefore "hypothetical and speculative." *Id*. at 1202. This court addressed the prudential ripeness issue by reference to the framework set out by the Supreme Court in *Abbott Laboratories v. Gardner*, 387 U.S. 136 (1967), examining both the fitness of the issues raised by the appellant for judicial review and the hardship to the parties from withholding that review. *Id*. at 1202-05. We concluded the appellant's claims were ripe for judicial review because, *inter alia*, the issues presented on

appeal were easily resolved on purely legal grounds and prompt review of the appellant's claims would promote judicial efficiency by eliminating the possibility of multiple sentencing appeals. *Id*. at 1204. Further, the appellant was able to show hardship because he successfully demonstrated that a violation of the challenged condition would likely result in his immediate reincarceration. *Id*. at 1204-05.

*United States v. Wayne* involved an appellant who completed her term of incarceration and then was alleged to have violated one of the conditions of supervised release. 591 F.3d at 1329. The district court ordered the appellant to comply with the condition and she appealed that order. *Id*. This court *sua sponte* acknowledged a ripeness issue, noting the appellant was seeking relief from a court order but the district court had "not found that [appellant] violated the special conditions and ha[d] not revoked her supervised release." *Id*. at 1329 n.1. Employing the approach previously taken in *White*, this court concluded the appellant would suffer a hardship if her claims were not resolved because she faced a "meaningful possibility of re-incarceration." *Id*. Further, the issues were fit for judicial review because they were easily resolved on the merits and it furthered the interests of judicial efficiency to address those issues in the pending appeal rather than remand the matter to the district court and wait for the revocation of the appellant's term of supervised release. *Id*.

Our analysis of prudential ripeness follows *White*'s approach of examining the fitness of the issue raised on appeal for judicial review and the potential hardship to the defendant from withholding review. 244 F.3d at 1202. At first blush, it appears Vaquera-Juanes's appeal is fit for judicial review. It is undeniable that Vaquera-Juanes's challenge could be easily resolved on the merits based on the record currently before this court. Resolving Vaquera-Juanes's appeal at this time, however, would not be an efficient use of judicial resources because any relief he obtains would be illusory. Vaquera-Juanes is a removable alien. The district court recommended that Immigration and Customs Enforcement ("ICE") begin removal proceedings during his term of incarceration. The record thus indicates Vaquera-Juanes will be removed once he completes his term of custodial confinement and fails to reveal any realistic possibility he will be released from immigration detention while he awaits physical removal. Accordingly, the issue Vaquera-Juanes raises in this appeal is not fit for judicial review at this time because the occupational restriction imposed by the district court currently has no practical effect on him, and will have no practical effect on him during the two-year period of supervised release. Regardless whether this court affirms the district court's judgment or remands the matter for further proceedings, our review of the merits would be a waste of judicial resources. The best possible outcome for Vaquera-Juanes—a remand for resentencing and, ultimately, the elimination of the occupational restriction—will result in further

proceedings in district court that would be essentially meaningless, compounding the inefficient use of judicial resources. Thus, a decision in his favor would actively undermine rather than promote judicial efficiency.

For many of the same reasons, Vaquera-Juanes has also failed to show he will suffer any hardship if we dismiss his appeal on prudential grounds. Vaquera-Juanes's situation is materially different from those presented in *White* and *Wayne*. In both *Wayne* and *White*, the condition imposed by the district court was fixed and determinate at the time it was imposed. As soon as appellant Wayne was released from incarceration she was required to "participate in a mental health evaluation as directed by her probation officers." *Wayne*, 591 F.3d at 1329. Similarly, appellant White was required to submit to a search of his home, presumably to determine if he was in possession of several restricted items, including "sexually explicit material" and "a computer with Internet access." *White*, 244 F.3d at 1201. Neither Wayne nor White was a removable alien and both had already been released after serving their terms of imprisonment.

Vaquera-Juanes's situation is more attenuated. Most critically, the challenged condition will have no impact on him unless he is released into the United States after his term of incarceration is completed. During that period of freedom, Vaquera-Juanes would have to seek and obtain employment before the challenged condition impacted him. The possibility that Vaquera-Juanes will be released is remote. The district court has ordered removal proceedings to begin

during the term of incarceration and Vaquera-Juanes presents no convincing argument he will not be taken into ICE custody upon his release from BOP custody and immediately deported. Further, he fails to convince this court he will likely obtain the Attorney General's permission to remain in this country, or return with permission, while the two-year term of supervised release is in effect. *See* 8 U.S.C. § 1182(a)(9) (restricting the admissibility of aliens who have previously been removed). Vaquera-Juanes has likewise failed to give this court any reason to believe he would be able to obtain lawful employment in this country even if released from BOP custody. *Cf. Lane v. Williams*, 455 U.S. 624, 633 n.13 (1982) (concluding a challenge to a mandatory parole provision would affect respondents only if they violated state law and respondents were "able—and indeed required by law—to prevent such a possibility from occurring").

Because Vaquera-Juanes has shown no practical possibility he will ever legally be in a position to violate the terms of the condition he challenges, he has failed to show any likelihood his term of supervised release will be revoked because of a violation of the challenged condition. Accordingly, even if the disputed condition remains part of the criminal judgment,[2] there is no reasonable

---

[2]This court expresses no opinion on the propriety of imposing the disputed standard condition of supervised release on a removable alien.

possibility it will result in Vaquera-Juanes's reincarceration and he has thus failed to show he will suffer any hardship if we dismiss his appeal.

## IV.    Conclusion

Having reviewed the record and considered the parties' arguments under the applicable standards, we **dismiss** Vaquera-Juanes's appeal on prudential ripeness grounds.