NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted June 28, 2019
Decided July 1, 2019

**Before**

JOEL M. FLAUM, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 18-3312

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| *v.* | No. 1:15-cr-00703-2 |
| JORGE LLUFRIO, *Defendant-Appellant.* | Sara L. Ellis, *Judge.* |

## O R D E R

Israel Bustamante and another coconspirator hid cocaine and heroin in a truck, which Jorge Llufrio then drove from Texas to Illinois where the drugs were to be distributed. A jury found Llufrio guilty of possession with intent to distribute and conspiracy to distribute a controlled substance. *See* 21 U.S.C. §§ 841(a)(1), 846. The district judge sentenced Llufrio below the applicable Sentencing Guidelines range to 60 months in prison and three years of supervised release.

Llufrio appealed, but his counsel asserts that his appeal is frivolous and moves to withdraw. *See Anders v. California*, 386 U.S. 738 (1967). Llufrio has not responded to

counsel's motion. *See* 7TH CIR. R. 51(b). Counsel's submission explains the case and the issues that the appeal might involve. His analysis appears thorough, so we review only the topics that he discusses. *See United States v. Bey*, 748 F.3d 774, 776 (7th Cir. 2014).

Counsel first considers arguing that the judge erroneously admitted evidence that Bustamante gave Llufrio a user quantity of cocaine days before the trip, but he rightly rejects that argument as frivolous. We would review the judge's evidentiary ruling for an abuse of discretion. *See United States v. Brewer*, 915 F.3d 408, 415 (7th Cir. 2019). Evidence of other acts is admissible only if it does not rely on propensity inferences. *See* FED. R. EVID. 404(b); *United States v. Gomez*, 763 F.3d 845, 856 (7th Cir. 2014). The judge reasonably determined that the gift of cocaine tended to show that Llufrio was aware that Bustamante had access to the drug, making it more likely that Llufrio knew (contrary to his defense) that he was transporting a controlled substance. *See United States v. Moore*, 531 F.3d 496, 499–500 (7th Cir. 2008). Moreover, jury instructions may reduce the risk of unfair prejudice. *See Burton v. City of Zion*, 901 F.3d 772, 784 (7th Cir. 2018); *Gomez*, 763 F.3d at 860. And here, the judge instructed the jurors on the limited purpose for which they could consider the evidence.

Counsel next discusses a potential challenge to the judge's denial of Llufrio's motion for a judgment of acquittal and correctly determines that it would be frivolous. We would review de novo whether there was sufficient evidence, viewed in the government's favor, to sustain the jury's verdict. *See* FED. R. CRIM. P. 29; *United States v. Moreno*, 922 F.3d 787, 793 (7th Cir. 2019). At trial Bustamante testified that he paid Llufrio to travel from Florida to Texas, informed Llufrio that he was being hired to transport drugs for sale in Illinois, and paid Llufrio based on the amount of drugs in the truck. Text messages between Bustamante and Llufrio corroborated the testimony. That is enough to sustain the convictions. *See United States v. Garcia*, 580 F.3d 528, 535 (7th Cir. 2009) (conspiracy to distribute); *United States v. Irby*, 558 F.3d 651, 654–55 (7th Cir. 2009) (possession with intent to distribute).

Counsel also asserts that it would be frivolous to argue that the interests of justice warrant a new trial because Llufrio did not raise that argument before the district court. Llufrio, however, *did* move for a new trial on the asserted basis that the verdict was against the manifest weight of the evidence. Thus, the argument is preserved. *See United States v. Van Eyl*, 468 F.3d 428, 436 (7th Cir. 2006). Even so, the jury's verdict was in line with the weight of the evidence summarized above, so it would be frivolous to argue that the judge abused her discretion when she denied Llufrio's motion. *See* FED. R. CRIM. P. 33; *United States v. Rivera*, 901 F.3d 896, 903 (7th Cir. 2018).

Counsel next considers arguing that the sentence was substantively unreasonable but concludes that it would be frivolous to do so. We agree. We would presume that the 60-month sentence is reasonable because it falls below the calculated Guidelines range of 78 to 97 months (based on an offense level of 28 and a criminal history category of I). *See* U.S.S.G. Ch. 5, Pt. A (sentencing table); *United States v. Patel*, 921 F.3d 663, 672 (7th Cir. 2019). And Llufrio could not rebut the presumption because the judge reasonably considered the statutory sentencing factors, including the seriousness of the offense ("[h]elping to distribute drugs has significant real-life consequences"); Llufrio's history and characteristics (he has a cognitive disability and is subject to removal); and Bustamante's sentence (also 60 months). *See* 18 U.S.C. § 3553(a).

Counsel does not mention the supervised-release component of Llufrio's sentence. We note several concerns with the condition requiring Llufrio to undergo sex-offender treatment. First, Llufrio did not have notice that the judge might impose the condition because the presentence investigation report did not recommend it. *See United States v. Smith*, 906 F.3d 645, 650–51 (7th Cir. 2018). Second, district judges must give specific reasons for imposing conditions of supervised release, *see* 18 U.S.C. §§ 3553(a), 3583(a), (c); *United States v. Canfield*, 893 F.3d 491, 498 (7th Cir. 2018), and here the judge justified the condition (and all of the conditions for that matter) with only a recitation of the sentencing objectives in § 3553(a). Third, there is no obvious rationale for requiring sex-offender treatment: Llufrio committed a drug offense, and the presentence investigation report's only mention of past sexual misconduct is a dropped sexual assault charge from 1997. Finally, the condition is redundant because the judge also ordered that Llufrio undergo a psychosexual assessment and then sex-offender treatment depending on the results.

Still, neither counsel nor Llufrio has flagged this issue, and we will not modify Llufrio's conditions of supervised release of our own accord. *See United States v. Brown*, 823 F.3d 392, 395 (7th Cir. 2016); *United States v. Bryant*, 754 F.3d 443, 447 (7th Cir. 2014). The condition also might never take effect because the judge ordered that Llufrio be "surrendered to … the Homeland Security Department for a determination on the issue of deportability." *See United States v. Rhodes*, 552 F.3d 624, 628–29 (7th Cir. 2009); *United States v. Vaquera-Juanes*, 638 F.3d 734, 738 (10th Cir. 2011). Llufrio can seek to modify his conditions of supervised release later if he finds them problematic. *See* 18 U.S.C. § 3583(e)(2); *United States v. St. Clair*, No. 18-1933, 2019 WL 2399597, at *3 (7th Cir. June 7, 2019).

We therefore GRANT counsel's motion to withdraw and DISMISS the appeal.