OPINION OF THE COURT
ROSENN, Circuit Judge.
Appellants Sebastian Rucci and Rucci Development, Inc. (collectively “Rucci”) appeal the dismissal by the United States District Court for the Western District of Pennsylvania of their Equal Protection claim stemming from the refusal of Cranberry Township (the “Township”) to approve Rucci’s housing development proposal. Rucci also appeals the District Court’s decision to abstain from hearing his Pennsylvania state law claims pursuant to the abstention doctrine announced in Burford v. Sun Oil Co., 319 U.S. 315, 63 S.Ct. 1098, 87 L.Ed. 1424 (1943).[1] The judgment of the District Court will be affirmed.
I
Because we write solely for the parties, we include only those facts relevant to the issues presented on appeal. Rucci endeavored to develop a housing subdivision on 15 acres of land he owns in Cranberry Township, Pennsylvania. The land is surrounded by single family subdivisions and is abutted by two unlimited-access roads, North Boundary and Franklin, both of which are classified as “collector” roads.[2] These roads are bordered by lots accessed by direct driveways.
On June 9, 2003, Rucci submitted an application to the Township seeking to subdivide the property into fourteen lots. Because the property is narrow, roadway access by an interior subdivision road is not possible. Instead, each lot was to have direct driveway access to the existing collector roadway.[3]
The proposed fourteen-lot subdivision complied with all of the Township’s ordinances except § 96.604.4 which provides that:
No lot shall be provided with direct vehicle access to an arterial or collector street unless specifically approved by the supervisors when no alternative is *574 possible. Normally, only one street, driveway or point of vehicle access shall be permitted from a subdivision onto an arterial or collector street; however, two or more streets, driveways or points of vehicle access may be permitted if they will improve the traffic circulation and safety in the area.
To obtain the Township’s approval of “two or more” driveways, Rucci proposed to donate land to improve traffic flow along North Boundary and Franklin roads.
The Township denied Rucci’s subdivision application on the ground that he “elected to use the existing roadway for access in contravention of Subdivision § 96.604.4, and because [he] did not propose to widen and improve North Boundary and Franklin Road.”
Subsequent discussions between Rucci and the Township revealed that the Township would not approve any development having more than one driveway. As a result, Rucci filed a five-count complaint against the Township in the United States District Court. The Township filed a Motion to Dismiss under Fed.R.Civ.P. 12(b)(6), in response to which Rucci amended his complaint. Count I of the amended complaint sought a declaratory judgment that the Township’s denial of Rucci’s development plan violated his rights under the Pennsylvania Municipal Planning Code; Count II alleged a deprivation of property without just compensation in violation of the Pennsylvania Constitution, Article 1, sections 4 and 10; and Count III asserted a violation of 42 U.S.C. § 1983, more particularly the Fourteenth Amendment’s Equal Protection guarantee.
The Township moved to dismiss the amended complaint. While this motion was pending, Rucci moved for, but was denied, a Scheduling Order pursuant to Fed.R.Civ.P. 16(b).[4] On May, 17, 2004, the District Court dismissed Rucci’s Equal Protection claim (Count III) for failure to state a claim upon which relief can be granted. In addition, the District Court abstained under the Burford Abstention doctrine from hearing the state law claims (Counts I and II). Rucci appeals the District Court’s Fed.R.Civ.P. 12(b)(6) dismissal and its decision to abstain under Bur-ford. Additionally, Rucci raises for the first time on appeal the District Court’s refusal to issue a Scheduling Order mandated by Fed.R.Civ.P. 16(b).[5]
We exercise plenary review over a district court’s dismissal of a complaint under Fed.R.Civ.P. 12(b)(6). Gary v. Air Group, Inc., 397 F.3d 183, 186 (3d Cir.2005). “In evaluating the propriety of dismissal, we accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief.” Three Rivers Ctr. for Indep. Living v. Hous. Auth. of the City of Pittsburgh, 382 F.3d 412, 419 (3d Cir.2004) (citation and internal quotations omitted).
We review the District Court’s decision to abstain for abuse of discretion, but its analysis of the law on abstention is subject *575 to plenary review. Chiropractic Amer. v. Lavecchia, 180 F.3d 99, 103 (3d Cir.1999).
Rucci claims the Township denied him equal protection of the laws by rejecting his development proposal. According to Rucci, his property is similarly situated to that of other landowners who have direct driveway access to a collector roadway and there is no rational basis for disparate treatment.
Because the Township ordinance does not burden a fundamental right nor involve the classification of a suspect class, the Court reviews the governmental action under a rational basis standard. Angstadt v. Midd-W. School Dist., 377 F.3d 338, 344 (3d Cir.2004). Under rational basis review, an ordinance will withstand an Equal Protection challenge if it is “reasonable, not arbitrary, and bears a rational relationship to a (permissible) state objective.” Congregation Kol Ami v. Abington Township, 309 F.3d 120, 133 (3d Cir.2002) (internal quotation omitted). Moreover, the constitutionality of the ordinance is presumed, City of New Orleans v. Dukes, 427 U.S. 297, 303, 96 S.Ct. 2513, 49 L.Ed.2d 511 (1976), and will not be set aside if any state of facts reasonably may be conceived to justify it. McGowan v. Maryland, 366 U.S. 420, 425-26, 81 S.Ct. 1101, 366 U.S. 420 (1961).
The Township contends the ordinance is designed to improve traffic safety. Limiting driveway access to collector and arterial roads is, indeed, a logical way to improve traffic safety and circulation because it restricts the number of access points from which vehicles can approach the heavily traveled roads. Thus, the ordinance satisfies deferential rational review.
Having satisfied rational review, this case presents a situation where the ordinance’s presumption of rationality is in tension with the liberal pleading standard of Fed.R.Civ.P. 12(b)(6). To accommodate both interests, we accept as true all of the complaint’s allegations, including all reasonable inferences that follow, and assess whether they are sufficient to overcome the presumption of rationality that applies to the ordinance. See e.g., Wroblewski v. City of Washburn, 965 F.2d 452, 459 (7th Cir.1992); Zavatsky v. Anderson, 130 F.Supp.2d 349, 356 (D.Conn.2001).
According to this calculus, Rucci’s Equal Protection claim is insufficient to overcome the ordinance’s presumption of rationality. To mount a successful Equal Protection challenge to a zoning ordinance, plaintiff must prove that the Township treated him differently from similarly situated landowners without any reasonable basis. Congregation Kol Ami, 309 F.3d at 137. However, Rucci fails to allege sufficient facts to establish that he is similarly situated to other landowners with direct driveway access.
Although Rucci alleges his property is “practically surrounded by single family subdivisions,” he never states that any subdivision has more than one point of vehicle access to the collector roadway. What he does allege regarding area landowners is that “directly south of the property is a subdivision with internal street access from Franklin Road, north and east of the property are single family homes, and to the east of the property is a public park.” However, this fails to allege that Rucci is treated disparately.
Similarly, Rucci’s allegation that “many other landowners have direct driveway access to North Boundary and Franklin Road” is insufficient without alleging that they are part and parcel of a housing subdivision. See Schuylkill Energy Res., Inc. v. Pa. Power & Light Co., 113 F.3d 405, 417 (3d Cir.1997) (“We are not ... required to accept as true unsupported conclusions and unwarranted inferences.”). *576 Nowhere in the complaint does Rucci identify any other landowner who subdivided property and yet was permitted more than one vehicle access point to a collector or arterial road. For all we are told, each lot along North Boundary and Franklin roads with direct driveway access is a single lot rather than a subdivision. Without identifying another subdivision with multiple vehicle access points to a collector or arterial road, Rucci has failed to establish that he is similarly situated. See City of Pittsburgh v. W. Penn Power Co., 147 F.3d 256 (3d Cir.1998) (“[The court cannot] ‘assume that the [plaintiff] can prove facts that it has not alleged ----”’) (quoting Assoc. Gen. Contractors of Cal. v. Cal. State Council of Carpenters, 459 U.S. 519, 526, 103 S.Ct. 897, 74 L.Ed.2d 723 (1983)).
Because Rucci fails to allege, as a preliminary matter, that the ordinance differentially regulates his property from the property of other landowners, and because the complaint cannot defeat rational-basis review,[6] we affirm the District Court’s dismissal of the Equal Protection claim under Fed.R.Civ.P. 12(b)(6).[7]
The second issue Rucci raises on appeal concerns the District Court’s decision to abstain under Burford from hearing the state law claims. The abstention doctrine, “under which a District Court may decline to exercise or postpone the exercise of its jurisdiction, is an extraordinary and narrow exception to the duty of a District Court to adjudicate a controversy properly before it.” Allegheny County v. Frank Mashuda Co., 360 U.S. 185, 188-89, 79 S.Ct. 1060, 3 L.Ed.2d 1163 (1959). Designed “to soften the tensions inherent in a system that contemplates parallel judicial processes[,]” Pennzoil Co. v. Texaco, Inc., 481 U.S. 1, 11 n. 9, 107 S.Ct. 1519, 95 L.Ed.2d 1 (1987), abstention is warranted “only in the exceptional circumstances *577 where the order to the parties to repair to the state court would clearly serve an important countervailing interest.” Frank Mashuda Co., 860 U.S. at 188-89.
Under Bwrford Abstention, a district court may decline to exercise or postpone jurisdiction, even diversity jurisdiction, “where a difficult question of state law is presented which involves important state policies or administrative concerns.” Heritage Farms, Inc. v. Solebury Township, 671 F.2d 743, 746 (3d Cir.1982); Grode v. Mut. Fire, Marine & Inland Ins. Co., 8 F.3d 953, 956 (3d Cir.1993).
Rucci’s state law claims involve Pennsylvania’s Municipal Planning Code and eminent domain procedures. The District Court found Bwrford Abstention appropriate based on the “purely local,” state-law nature of these issues, as well as the fact that no federal claims of any kind remained once it dismissed the Equal Protection challenge. Rucci counters that “the Pennsylvania Municipalities Planning Code is not the type of uniform and elaborate statewide regulation necessary for Bwrford Abstention, and there is no danger that a federal court decision in this case will disrupt Pennsylvania’s policies or plans with respect to land use.”
The question before us, then, is whether the District Court’s decision to abstain from purely state law challenges to the Pennsylvania Municipal Planning Code and eminent domain procedures was an abuse of discretion. We hold that it was not.
This Court has noted that “land use law is one of the bastions of local control, largely free of federal intervention.” Congregation Kol Ami, 309 F.3d at 135-36. Indeed, as the Supreme Court has recognized, “[t]he power of local governments to zone and control land use is undoubtedly broad and its proper exercise is an essential aspect of achieving a satisfactory quality of life in both urban and rural communities .... [T]he courts generally have emphasized the breadth of municipal power to control land use.... ” Schad v. Borough of Mount Ephraim, 452 U.S. 61, 68, 101 S.Ct. 2176, 68 L.Ed.2d 671 (1981); see also FERC v. Miss., 456 U.S. 742, 768 n. 30, 102 S.Ct. 2126, 72 L.Ed.2d 532 (1982) (“[Regulation of land use is perhaps the quintessential state activity.”); Izzo v. Borough of River Edge, 843 F.2d 765, 769 (3d Cir.1988) (“Land use policy customarily has been considered a feature of local government and an area in which the tenets of federalism are particularly strong.”).
For this reason, federal courts are generally loathe to interfere with land use regulation. Izzo, 843 F.2d at 769 (“Federal courts have expressly disavowed any desire to sit as a statewide board of zoning appeals hearing challenges to actions of municipalities.”). Because federal court intervention in this case might disrupt an important Pennsylvania state policy, and because all federal claims have been dismissed, we perceive no abuse of discretion in the District Court’s abstention from hearing Rucci’s Municipal Planning Code claim.
Like land use regulation, eminent domain is another distinctly state-law matter. La. Power & Light Co. v. City of Thibodaux, 360 U.S. 25, 28-29, 79 S.Ct. 1070, 3 L.Ed.2d 1058 (1959) (remarking that eminent domain was “intimately involved with state prerogative” and noting the “sensitive nature” of federal court intervention in a state’s eminent domain system). Indeed, the state-regulated nature of eminent domain is illustrated by Pennsylvania’s extensive Eminent Domain Code, 26 P.S. § 1-101 et seq.
The Pennsylvania Eminent Domain Code supplies “a complete and exclusive procedure and law to govern all condemnations of property for public purposes and *578 the assessment of damages therefor.... ” 26 P.S. § 1-303. Moreover, “the Eminent Domain Code fully protects the rights of the property owner and guarantees to him the constitutional safeguards to which he is entitled, including appropriate appellate review.” Coles v. City of Phila., 145 F.Supp.2d 646, 652 (E.D.Pa.2001). Given the substantial and highly-developed nature of Pennsylvania’s eminent domain procedures, it is not inappropriate for a district court to abstain from hearing such claims. Grode, 8 F.3d at 956 (“Burford abstention is usually applied to ... state eminent domain procedures.”). Accordingly, the District Court did not abuse its discretion by abstaining under Burford from hearing Rucci’s state law claims.[8]
II
For the reasons set forth above, the District Court’s dismissal of Rucci’s Equal Protection claim, as well as the Court’s decision to abstain from hearing the state law claims under the Bwrford Abstention doctrine, will be affirmed.

. The District Court had jurisdiction based on 28 U.S.C. §§ 1331, 1332, 1343 and we have jurisdiction pursuant to 28 U.S.C. § 1291.

. A "collector” road is “a street which serves or is designed to serve moderate flows of traffic and which provides for traffic movements between arterial [i.e., heavy traffic flow] and local streets or between another collector street and local streets.” § 96.604.4

. Although the particular roadway access scheme is not germane to this appeal, Rucci’s plan called for each pair of adjacent homes to share a direct access driveway.

. Fed.R.Civ.P. 16(b) states in relevant part: [T]he district judge ... shall, after receiving the report from the parties under Rule 26(f) or after consulting with the attorneys for the parties and any unrepresented parties ... enter a scheduling order that limits the time
(1) to join other parties and to amend the pleadings;
(2) to file motions; and
(3) to complete discovery.

. Because this Court has consistently held that it will not consider issues raised for the first time on appeal, Harris v. City of Phila., 35 F.3d 840, 845 (3d Cir.1994), we reject Rucci’s Scheduling Order appeal.

. Rucci suggested at oral argument that he is a "class of one,” irrationally treated differently from all other property owners in the Township. See Village of Willowbrook v. Olech, 528 U.S. 562, 120 S.Ct. 1073, 145 L.Ed.2d 1060 (2000) (per curiam); Eichenlaub v. Township of Indiana, 385 F.3d 274, 286 (3d Cir.2004). Rucci fares no better under this theory because the Township has numerous rational bases for the ordinance in question. See Bizzarro v. Miranda, 394 F.3d 82, 88-89 (2d Cir.2005). The ordinance sets out a bright-line rule, and this makes it easier for the ordinance to be administered. In addition, the ordinance includes a procedure by which applicants can seek a variance, which offers added protection against irrational results. The ordinance also advances a legitimate state interest in safety, reducing the number of cars (at least at the margin) that can back out onto busy streets.

. The Dissent insists that Rucci’s equal protection claim is "unripe” for judicial review. According to the Dissent, Rucci's failure to seek a modification or waiver from the Township rendered his claim nonjusticiable because a federal court cannot determine whether a landowner has been dissimilarly treated or whether such treatment is rationally related to a legitimate government purpose until the Township has fully and finally considered how a specific landowner is treated under the zoning scheme. See Taylor Investment, Ltd. v. Upper Darby Twp., 983 F.2d 1285, 1295 (3d cir.1993). None of the parties has raised a ripeness issue on appeal. Although we agree with the Dissent that this court may raise the issue sua sponte, where, as here, the issue of ripeness goes only to prudential considerations as opposed to constitutional concerns, we are free to exercise jurisdiction over the case. See Lucas v. South Carolina Coastal Council, 505 U.S. 1003, 1012-13, 112 S.Ct. 2886, 120 L.Ed.2d 798 (1992) (noting that a takings plaintiff's failure to apply for a special permit "goes only to the prudential ‘ripeness’ ” and concluding that prudence requires the Court hear the merits of the case); see also, Simmonds v. I.N.S., 326 F.3d 351, 358 n. 7 (2d Cir.2003). Because we see no error in the District Court’s dismissal of Plaintiff's action on the ground of an absence of equal protection, we choose to exercise jurisdiction for reasons of finality and judicial economy.

. In Heritage Farms, Inc. v. Solebury Township., 671 F.2d 743, 748 (3d Cir. 1982), we held that Burford Abstention was inappropriate because state land uses were not being attacked, but rather a single Township's alleged illegal application of its policies. Although the case at bar implicates a single Township as well, Heritage is readily distinguishable because it was not merely a land use case; it contained serious allegations that local government officials fraudulently acted under color of law for their own personal gain to thwart those who would compete with their private business venture. The Heritage Court admonished district courts "faced with a claim arising out of land use questions, to examine the facts carefully to determine what the essence of the claim is. If it is an unlawful conspiracy like the one alleged here, the mere presence of land use issues should not trigger a mechanical decision to abstain.” The implicit instruction is that where, as here, the only issue present is a land use question, Burford Abstention may be appropriate. Izzo v. Borough of River Edge, 843 F.2d 765 (3d Cir. 1988), is not to the contrary. In that case, as here, the district court abstained from deciding a land use dispute over a zoning ordinance. But the Izzo Court found an abuse of discretion because Federal Communications Commission regulations preempted the zoning ordinance in question. See id. at 768. The regulations "infused into the proceedings a federal concern, a factor which distinguishes the case from a routine land use dispute having no such dimension.” Id. See also id. at 769 ("If only state law applies, Burford abstention carries more weight than when federal interests require evaluation as well.”).