NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 12a0558n.06

Case No. 10-3532

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED

*May 30, 2012*

LEONARD GREEN, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| DAVID B. TALLEY, | ) | COURT FOR THE NORTHERN |
| | ) | DISTRICT OF OHIO |
| Defendant-Appellant. | ) | |
| | ) | |

BEFORE: BATCHELDER, Chief Judge; COLE and COOK, Circuit Judges.

ALICE M. BATCHELDER, Chief Judge. Appellant David Talley asks this Court to vacate the sentence imposed by the district court after Talley's conviction for possession of a firearm by a convicted felon; he argues that the district court should not have imposed an additional five points to his criminal history score based on two convictions from 2000 because those convictions were void due to the failure of the state sentencing judge to properly follow post-release control procedures required by Ohio law. The Ohio Supreme Court has recently held that when the state trial court fails to properly include post-release control procedures at sentencing, only the portion of the sentence that relates to post-release control is voided. Because the underlying judgments in Talley's convictions from 2000 are not void and may still be used to calculate his criminal history score, we AFFIRM.

I.

On January 25, 2010, Talley pled guilty under 18 U.S.C. § 922(g)(1) to possession of a firearm by a convicted felon. Talley, however, challenged the Presentence Investigation Report (PSR), claiming that it erroneously included two state convictions—aggravated robbery and felonious assault with a firearm—from 2000, which increased his criminal history from category II to category IV and added five points to his total offense level. During sentencing for those two convictions, the state trial judge neglected to include post-release control procedures in its journal entry for the case, as required by Ohio law. After Talley was arrested and convicted of "escape" for failure to comply with post-release terms from those two convictions, the Ohio Court of Appeals vacated the escape conviction, reasoning that because the prior sentences were void due to the trial court's failure to memorialize the post-release control provisions, the derivative escape conviction was also void. *See Ohio v. Talley*, No. 89328, 2007 WL 3203012, at *2 (Ohio Ct. App. Nov. 1, 2007).

Talley made two arguments to the district court: (1) that under *Ohio v. Bezak*, 868 N.E.2d 961 (Ohio 2007), a judgment that does not include the appropriate post-release control provision within the journal entry is void in its entirety, putting the parties "in the same position as if there had been no judgment," *id.* at 963; and (2) that the Ohio Court of Appeals had in any event vacated the underlying convictions when it vacated the escape conviction. The prosecutor argued at sentencing that Talley was impermissibly trying to collaterally attack his 2000 convictions, that the district court had no power void those convictions, that the *Bezak* court only stated that the original *sentences* were void, not the underlying convictions, and that the 2000 convictions still counted. The district court agreed with the prosecutor that the *Bezak* rule voided only the sentence, not the underlying

2

conviction, and applied the five points recommended by the PSR for the 2000 convictions. The resulting guideline range for the total offense level of 21 was 57–71 months, and the district court sentenced Talley to 57 months. Talley filed a timely appeal.

**II.**

We review a district court's sentencing determination under the abuse of discretion standard. *See, e.g.*, *United States v. Alexander*, 543 F.3d 819, 821–22 (6th Cir. 2008). Talley challenges only the procedural reasonableness of including the 2000 convictions in his criminal history score, given his view that those convictions are void; he does not challenge the procedural or substantive reasonableness of a 57-month sentence if the 2000 convictions are not void.

After the parties finished briefing this case, the Ohio Supreme Court in *Ohio v. Fischer*, 942 N.E.2d 332 (Ohio 2010), explicitly held that the failure of a state trial court to follow the correct statutory procedure for post-release control voids only the portion of the sentence that dealt with post-release control:

> It is only the postrelease-control aspect of the sentence that is void and that must be rectified.

> * * *

> We similarly hold that when a judge fails to impose statutorily mandated postrelease control as part of a defendant's sentence, that *part* of the sentence is void and must be set aside. Neither the [Ohio] Constitution nor common sense commands anything more.

> * * *

> However, we now modify the second sentence in the *Bezak* syllabus as ill-considered. That sentence states that the offender is entitled to a new sentencing hearing for the offense for which postrelease control was not imposed properly. It does not

> recognize a principle that we overlooked in *Bezak*: when an appellate court concludes that a sentence imposed by a trial court is in part void, only the portion that is void may be vacated or otherwise amended.

*Id.* at 339–41 (citation omitted) (overruling *Bezak* in part). On the issue of whether violation of post-release control procedures affects the underlying judgment in the case, *Fischer* held:

> A motion to correct an illegal sentence *presupposes a valid conviction* and may not, therefore, be used to challenge alleged errors in proceedings that occur prior to the imposition of sentence.

*Id.* at 340 (emphasis added) (internal quotation marks and citation omitted).

After *Fischer*, it is clear that Talley's convictions from 2000 apply for sentencing purposes in the current case; the only portions of his prior convictions that are void are those that involve post-release controls. *See, e.g.*, *United States v. Coleman*, 655 F.3d 480, 485 (6th Cir. 2011). Further, the Ohio Court of Appeals did not vacate Talley's convictions from 2000, only his derivative escape conviction. *See Talley*, 2007 WL 3203012, at *2. The district court did not abuse its discretion by including Talley's 2000 convictions in his criminal history score.

## III.

For the foregoing reasons, we **AFFIRM** the judgment of the district court.