NOT RECOMMENDED FOR PUBLICATION
File Name: 17a0314n.06

No. 16-3759

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
Jun 06, 2017
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| | ) | ON APPEAL FROM THE |
| v. | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE |
| KEITH SMITH, | ) | NORTHERN DISTRICT OF |
| | ) | OHIO |
| Defendant-Appellant. | ) | |
| | ) | |

BEFORE: COLE, Chief Judge; GIBBONS and ROGERS, Circuit Judges.

ROGERS, Circuit Judge. Following a controlled narcotics purchase at Keith Smith's home, Akron police obtained and executed a search warrant at the residence, leading to the discovery of a stash of drugs and firearms and, later, several federal drug and firearms charges against Smith. On appeal Smith challenges the district court's denial of his pretrial motion to suppress the evidence recovered from his home and for an evidentiary hearing. That challenge, however, lacks merit. His remaining challenges to his within-Guidelines sentence as unreasonable and constitutionally infirm also do not warrant reversal.

The facts surrounding Smith's plea are not in dispute. Following his arrest and the search of his residence, Smith was indicted on charges of possessing with the intent to distribute oxycodone and heroin, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C), and of possessing a firearm as a felon, in violation of 18 U.S.C. § 922(g)(1). After pleading not guilty to the charges,

and shortly before the final pretrial hearing, Smith filed a motion to suppress the evidence recovered from his home, and requested both an evidentiary and *Franks* hearing. In that motion Smith contended that the controlled buy at his home never happened, and that there was consequently no probable cause justifying the search. At a later hearing the district court denied the motion, explaining in a subsequent written order that Smith's allegations supporting a *Franks* hearing were "wholly conclusory," as was his essentially identical argument against probable cause

Following that ruling Smith changed his plea to guilty. Although Smith lacked a written plea agreement, at the hearing he nevertheless explained to the court, through counsel, that he intended to "reserve the option to appeal the ruling on his motion to suppress down the road." The district court, noting the reservation, observed that Smith was "certainly free to appeal [the ruling] if he would like." The Government, however, did not respond.

Smith was later sentenced to 96 months' imprisonment, at the upper end of the Guidelines range for his offense level and criminal history, along with three years of supervised release, subject to "standard conditions." Smith now appeals from that sentence as well as from the denial of his pretrial motion to suppress.

Smith first contends that the district court erred by denying his motion to suppress and his request for an evidentiary hearing.[1] Although Smith argued below that the warrant lacked

---

[1] The Government argues that we may not review the suppression issue because defense counsel failed to comply with the requirement of Federal Rule of Criminal Procedure 11(a)(2) that a defendant must preserve in writing his right to appeal an adverse pre-plea ruling on a motion to suppress. *See United States v. Young*, 580 F.3d 373, 376 (6th Cir. 2009). This requirement may only be excused in limited circumstances where, among other things, the Government has "acknowledged" that the defendant may appeal. *Id.* (citing *United States v. Mastromatteo*, 538 F.3d 535, 543 (6th Cir. 2008)). Government counsel said nothing when the district court in open court stated that defendant could appeal the suppression issue. We need not resolve whether the Government's silence amounted to acquiescence in this case, because Smith's suppression argument fails in any event as explained in the text. The written-preservation requirement of Rule 11(a)(2) does not appear to be jurisdictional. *Mastromatteo*, 538 F.3d at

probable cause because there was no controlled buy or surveillance at his residence, his arguments on appeal are different. Those arguments are accordingly reviewed for plain error, *United States v. Doxey*, 833 F.3d 692, 702 (6th Cir. 2016), and they all lack merit. First, although Smith argues that the warrant was facially invalid because of several alleged ambiguities in its wording, a warrant need not be "technically accurate in every detail," so long as "the executing officer [is able] to locate and identify the premises with reasonable effort," and there is not a "reasonable probability that another premises may be mistakenly searched," *United States v. Durk*, 149 F.3d 464, 465 (6th Cir. 1998) (citations omitted). The warrant here provided a detailed description of Smith's residence, and Smith does not appear to challenge its accuracy besides a few minor variations in wording. That is hardly an error, let alone a plain one.

Smith's remaining arguments fare no better. Although Smith questions whether the "information source" relied on by the Akron police was a reliable or even a single source, the search affidavit provides a clear answer: they had relied on one source that had in the past provided reliable information to authorities. As Smith himself acknowledges, that is all the affiant need have specified for the source to be found reliable, *see United States v. Greene*, 250 F.3d 471, 480 (6th Cir. 2001). Further, despite Smith's claims to the contrary, the affidavit clearly connected him to the controlled buy at the residence searched—the information source indicated to authorities that Smith was selling heroin from that residence, and the residence was in fact his home. A nexus of that kind is all that is required for the search to have been justified. *See United States v. Brooks*, 594 F.3d 488, 492 (2010) (citing *United States v. Carpenter*, 360 F.3d 591, 594 (6th Cir. 2004) (en banc)). Because Smith has made no showing, let alone a substantial one, that the affidavit is false in any respect, or that the warrant lacked probable

---

542-43. However, counsel in future cases would be well-advised to comply carefully with the requirements of Rule 11(a) so as to avoid the possibility of losing potentially winning arguments on such a technical ground.

cause, the district court did not plainly err in denying Smith an evidentiary hearing, *see United States v. Cummins*, 912 F.2d 98, 101 (6th Cir. 1990).

Smith next contends that the district court erred during sentencing by placing an unreasonable emphasis on his criminal history, thus failing to consider "effectively" the other factors relevant under 18 U.S.C. § 3553(a). That "overreliance" on his criminal history, Smith contends, renders his sentence both procedurally and substantively unreasonable. This argument does not withstand scrutiny.

First, Smith has failed to identify a cognizable procedural error. Smith concedes that this argument may be reviewed here only for plain error. Moreover, he admits that the district court did undertake an analysis of the § 3553(a) factors. That analysis, although focusing on Smith's criminal history, also included a discussion of his history and personal characteristics beyond his past crimes, such as his reported history of emotional abuse, educational and family background, and struggles with substance abuse. The court adequately addressed the § 3553(a) factors, and thus there was no error with respect to the procedural reasonableness of the sentence. *See United States v. Ely*, 468 F.3d 399, 404 (6th Cir. 2006).

Nor did the district court place unreasonable weight on Smith's criminal history. Although Smith argues that the court "overemphasized" this factor, and thus rendered his sentence substantively unreasonable, the mere fact that the court placed great weight on a single factor need not imply that that weight was unreasonable, as long as it was warranted, *see United States v. Adkins*, 729 F.3d 559, 571 (6th Cir. 2013); *see also United States v. Sexton*, 512 F.3d 326, 332 (6th Cir. 2008). Here the facts clearly warranted the district court's focus on deterrence, for even after "previous bouts of incarceration, multiple periods of supervision, multiple attempts to try and provide [Smith] with opportunities to change his ways," Smith once

again found himself on the wrong end of the law. Smith has accordingly given us insufficient reason to question the substantive reasonableness of his sentence.

Finally, Smith also challenges three of the standard conditions included with his supervised release, arguing that they are constitutionally defective either because they are vague or lack a mens rea requirement. However, none of those challenges warrants reversal.

Smith first raises a vagueness challenge against Condition 6, which requires him to inform his probation officer "at least ten days prior to any change in residence or employment." But that challenge does not call for reversal, for two reasons. First, "a condition . . . need not spell out every one of its applications," so long as it "fix[es] an ascertainable standard of guilt." *United States v. Shultz*, 733 F.3d 616, 622 (6th Cir. 2013) (internal quotation marks and citation omitted). Smith does not contend that this condition fixes *no* such standard, as he clearly could not. Instead he appears to argue that that standard could lead to unreasonable results. But that argument turns entirely on a series of hypotheticals about what he would do if he were unexpectedly to lose his job or were evicted. We have held such challenges to be premature when they are based on "contingent future events that may not occur as anticipated, or indeed may not occur at all." *United States v. Kingsley*, 241 F.3d 828, 839 (6th Cir. 2001) (internal quotation marks and citation omitted). That is the case here.

Smith's remaining challenges—to Conditions 8 and 9—likewise do not warrant reversal. Condition 8 forbids Smith from "frequent[ing] places where controlled substances are illegally sold, used, distributed, or administered," while Condition 9 prohibits him from "associat[ing] with any persons engaged in criminal activity" or "with any person convicted of a felony," without the permission of his probation officer. Smith argues on appeal that these conditions do not explicitly include a mens rea requirement, and that its absence could render those conditions

unconstitutionally vague, *see Staley v. Jones*, 239 F.3d 769, 790 (6th Cir. 2001) (citing *Colautti v. Franklin*, 439 U.S. 379, 395 (1979)). Smith's concern is that he could be found in violation of these conditions with no knowledge that he had violated them, for instance by having no knowledge that a person he was associating with had engaged in criminal activity. In his reply brief, Smith notes that the standard conditions for the Northern District of Ohio have been clarified to provide, among other things, a "knowledge" requirement for these conditions. *See generally* N.D. Ohio Gen. Order No. 2016-24 App'x B; *see also* U.S.S.G. § 5D1.3(c).

Particularly in light of these intervening amendments, we do not read Conditions 8 and 9 to impose strict liability obligations on Smith. This should be sufficient to meet the concerns expressed by Smith with regard to those conditions.

The judgment of the district court is affirmed.