**NOT RECOMMENDED FOR PUBLICATION**

File Name: 20a0214n.06

Case No. 19-5279

**UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

**FILED**

Apr 15, 2020

DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR |
| v. | ) | THE EASTERN DISTRICT OF |
| | ) | KENTUCKY |
| RAMIRO RICO DE LEON, | ) | |
| | ) | |
| Defendant-Appellant. | ) | |

BEFORE: CLAY, COOK and WHITE, Circuit Judges.

COOK, Circuit Judge. After Ramiro Rico De Leon pled guilty to a controlled substance offense, the district court sentenced him to prison followed by supervised release. De Leon challenges both the court's computation of his sentencing range and a post-release condition. Because the court neither abused its discretion in calculating the sentencing range nor plainly erred in imposing the condition, we AFFIRM.

**I.**

**A. De Leon's Criminal History Score**

In calculating De Leon's criminal history score, the district court assessed one point for a 2013 Kentucky controlled substance conviction that Kentucky later voided. De Leon posits that the court abused its discretion by counting that voided point in sentencing him.

The Sentencing Guidelines assign at least one criminal history point to "each prior sentence." U.S.S.G. § 4A1.1. "The term 'prior sentence' means any sentence previously imposed upon adjudication of guilt." U.S.S.G. § 4A1.2(a)(1). But "[s]entences for expunged convictions are not counted." U.S.S.G. § 4A1.2(j). Did Kentucky expunge De Leon's 2013 conviction (and sentence)? If so, the district court abused its discretion by including it. *Gall v. United States*, 552 U.S. 38, 51 (2007); *United States v. Shor*, 549 F.3d 1075, 1077 (6th Cir. 2008).

We review a district court's criminal history score calculations for abuse of discretion, accepting factual findings unless clearly erroneous and scrutinizing anew its legal conclusions. *Gall*, 552 U.S. at 51–52; *United States v. Rayyan*, 885 F.3d 436, 440 (6th Cir.), *cert. denied*, 139 S. Ct. 264 (2018); *United States v. Talley*, 470 F. App'x 495, 496 (6th Cir. 2012).

De Leon contends that Kentucky effectively expunged his conviction when it "void[ed]" and "seal[ed]" it, arguing that a void conviction "is tantamount to" and "equivalent to an expunged" one. The Government disagrees, maintaining that Kentucky's voiding here did not equate to "expunging" under the Guidelines.

Because the answer to the question is not self-evident from the text of the Guideline, we consult the Guidelines Commentary that addresses the differing import accorded to various procedures by which states may "set aside" prior convictions. *See* U.S.S.G. § 4A1.2, cmt. n.10. The Commentary confirms the distinction the drafters accorded to post-conviction indulgences "for reasons unrelated to innocence or errors of law." *Id.* That is, if the convicting jurisdiction later grants a pardon, the Commentary explains that those convictions are to be *counted* in the defendant's criminal history score, but expunged convictions (innocence or legal error established) are not counted. *Id.*

Our cases concerning which type of prior convictions merit criminal history points scoring adhere to this Commentary by distinguishing between those post-conviction developments driven by guilt concerns, and those that stem from some form of indulgence. In *Shor*, Michigan sentenced the juvenile defendant under a diversion program featuring no "civil disability or loss of right or privilege." 549 F.3d at 1076–78. We upheld the district court's counting that conviction in the criminal history score as within its discretion, referencing the "quite clear" Guidelines Commentary "distinguish[ing] between" convictions that a jurisdiction expunged and those retaining an "adjudication of guilt." *Id.* at 1078 (citing U.S.S.G. § 4A1.2, cmt. n.10). Because Steven Shor's "adjudication of guilt" persisted under his diversion program, "the district court properly counted" the conviction. *Id.* at 1077–78.

We made a similar distinction in *United States v. Sturgill*, 761 F. App'x 578 (6th Cir.), *cert. denied sub nom. Owens v. United States*, 139 S. Ct. 2704 (2019). Though Kentucky "expunged" three of Melissa Owens's convictions, we upheld their inclusion in her criminal history score because "Kentucky's expungement procedure does not demand a showing of innocence or legal error, and [the defendant] offered nothing at sentencing to show that such considerations led to the expungements in her case." *Id.* at 582–83.

For the same reasons, the district court sentenced within its discretion here. Yes, Kentucky voided De Leon's conviction. But the sentencing court found that he failed to establish that Kentucky did so due to circumstances affecting validity or guilt. *See United States v. French*, 974 F.2d 687, 701 (6th Cir. 1992) ("The burden is upon the defendant to prove the invalidity and/or unconstitutionality of the prior conviction."). Indeed, according to the Commonwealth's order, Kentucky voided the conviction because De Leon "ha[d] successfully completed the terms of treatment, probation or sentence[.]"

Well what about this court's recent *Havis* decision, argues De Leon in response? He points to the en banc opinion as instructing courts to avoid reliance on the Commentary to understand the meaning of the Guidelines. But De Leon misreads the court's decision in *United States v. Havis*, 927 F.3d 382 (6th Cir. 2019) (en banc) (per curiam). True, the court recognized that "the application notes are interpretations of, not additions to, the Guidelines themselves." *Id.* at 386 (quoting *United States v. Rollins*, 836 F.3d 737, 742 (7th Cir. 2016)) (emphasis deleted). But the court also explained that Commentary is binding when "the guideline which the commentary interprets will bear the construction." *Id.* (quoting *Stinson v. United States*, 508 U.S. 36, 46 (1993)). Because § 4A1.2, cmt n.10 *explains* the un-defined term "expunged," and so conforms to the permissible Commentary interpretation of the Guideline, we are bound to follow it. *Id.*; *United States v. Thomas*, 933 F.3d 605, 610 (6th Cir. 2019) (noting that Commentary "helps interpret" obstruction-of-justice Guideline by defining the term "obstructed"); *United States v. Buchanan*, 933 F.3d 501, 514 n.2 (6th Cir. 2019) (finding Guidelines Commentary that "explains the meaning of" an un-defined term "binding on federal courts under . . . *Havis*"). *Havis*, by contrast, asked the Circuit to review Commentary that *modified* a Guideline by *expanding* an existing definition. *Havis*, 927 F.3d at 386–87.

De Leon also attempts to distinguish *Shor* and *Sturgill*. He faults *Shor* for "[f]ocusing on the prior adjudication of guilt" rather than the permissible "future use[s]" of the defendant's conviction under Michigan law. Federal courts, however, need not concern themselves with state courts' use of state convictions. Indeed, the Guidelines Commentary directs our attention away from such considerations and toward a simple question: has the defendant proffered evidence of a post-conviction determination of innocence or legal error? U.S.S.G. § 4A1.2, cmt. n.10. Here, as in *Shor*, no.

His quarrel with *Sturgill* fares no better. De Leon points out that Kentucky voided his conviction under different Kentucky statutes than used in *Sturgill*. If anything, this distinction hurts De Leon's case. The statute in *Sturgill* permits the "expungement" of certain convictions, Ky. Rev. Stat. Ann. § 431.078, while the statutes here "void" convictions, Ky. Rev. Stat. Ann. §§ 218A.275(8), 218A.276(8). These labels alone suggest that Kentucky never expunged De Leon's conviction. Plus, under *Sturgill*'s statute, a conviction "shall be deemed never to have occurred," Ky. Rev. Stat. Ann. § 431.078(6), while the provisions at bar here merely seal records and make the void conviction "not be deemed a first offense" under Kentucky's penal code, Ky. Rev. Stat. Ann. §§ 218A.275(8)–(10), 218A.276(8)–(10). The district court thus proceeded within its discretion in concluding that, even after Kentucky voided his conviction, De Leon's adjudication of guilt stands.

## B. Supervised Release Condition

De Leon contends that the court imposed an unconstitutionally vague supervised release condition when it barred him from "frequent[ing] places where controlled substances are illegally sold, used, distributed or administered." Because he failed to object to this condition at sentencing, we review for plain error. *United States v. Vonner,* 516 F.3d 382, 386 (6th Cir. 2008) (en banc).

First, a word about the Government's view that De Leon's challenge here is not ripe for decision. As both parties acknowledge, when it "is mere conjecture" whether the Government will ever enforce a condition, we lack jurisdiction to consider it. *United States v. Lee*, 502 F.3d 447, 450–51 (6th Cir. 2007). The Government sees De Leon's challenge as unripe because he faces mandatory deportation upon release and thus "is extremely unlikely to be subjected to the condition." De Leon counters that we may review the condition now because it imposes a "mandatory" prohibition.

It seems this court has yet to decide whether a defendant facing deportation upon release immediately may appeal a supervised release condition. Two other circuits have, and they found review constitutionally permissible. The Ninth reasoned that because a supervised release condition "is a part of the district court's sentence, which is a final judgment subject to immediate appeal," "a defendant may challenge . . . [it on] direct appeal." *United States v. Rodriguez-Rodriguez*, 441 F.3d 767, 771–72 (9th Cir. 2006). So too the Tenth: "Conditions of supervised release form a part of the criminal judgment and thus, in the Article III sense, a challenge to them involves a genuine case or controversy because the judgment is a final court order binding on an incarcerated defendant at the time of his appeal." *United States v. Vaquera-Juanes*, 638 F.3d 734, 736 (10th Cir. 2011).

The Government contends that the Tenth Circuit case supports its position because the Circuit dismissed the appeal as unripe. But as the Government recognizes, that resolution resulted from prudential matters not affecting the question we consider here, *i.e.*, our constitutional jurisdiction to decide the issue. *Vaquera-Juanes*, 638 F.3d at 736; *see also Stolt-Nielsen S.A. v. AnimalFeeds Int'l Corp.*, 559 U.S. 662, 670 n.2 (2010). "[W]here, as here, the issue of ripeness goes only to prudential considerations as opposed to constitutional concerns, we are free to exercise jurisdiction over the case." *Rucci v. Cranberry Twp.*, 130 F. App'x 572, 576 n.7 (3d Cir. 2005); *see also Lucas v. S.C. Coastal Council*, 505 U.S. 1003, 1013 (1992); *cf. Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 167 (2014) (explaining that "a federal court's obligation to hear and decide cases within its jurisdiction is virtually unflagging" (citation and internal quotation marks omitted)). "[F]or reasons of finality and judicial economy," *Rucci*, 130 F. App'x at 576 n.7, we reach the merits of De Leon's challenge.

As for the vagueness argument, both parties acknowledge that the challenged condition lacks an explicit mens rea requirement. To De Leon, this renders the condition unconstitutionally vague and "exposes [him] to strict liability for any violations." The Government responds that a "commonsense" reading of the challenged condition reveals "an implicit requirement that De Leon have knowledge that a place he is frequenting is involved with drugs[.]" Because we review for plain error, *Vonner*, 516 F.3d at 386, De Leon's argument fails.

Even where a district court errs, it does not *plainly* err if it "lack[ed] binding case law that answers the question presented," *United States v. Al-Maliki*, 787 F.3d 784, 794 (6th Cir. 2015), or if other circuits split on the issue, *United States v. Madden*, 515 F.3d 601, 608 (6th Cir. 2008). Both situations exist here.

This court issued one non-precedential decision addressing supervised release conditions that don't specify a mens rea. If anything, that case supports rejecting De Leon's challenge. In *United States v. Smith*, we rejected a similar challenge where the defendant objected to standard conditions of supervision that the Northern District of Ohio had since clarified "to provide, among other things, a 'knowledge' requirement." 695 F. App'x 854, 858 (6th Cir. 2017). These changes reflected corresponding revisions to the Guidelines that took effect in 2016. *Id.* (citing N.D. Ohio Gen. Order No. 2016-24 App'x B; U.S.S.G. § 5D1.3(c)). In light of the intervening changes, we declined to read the conditions at issue as imposing strict liability. *Id.* Here, De Leon's judgment shows that the Eastern District of Kentucky has likewise incorporated a knowledge requirement into its standard conditions of supervision. Although the particular condition De Leon challenges is a special condition and does not include an explicit knowledge requirement, as in *Smith*, it would defy common sense to interpret it as imposing strict liability where it is otherwise clear that the court has incorporated a mens rea requirement into its conditions of supervision.

And it seems other circuits split on this same issue of whether a condition of supervision must specify a mens rea. The Seventh Circuit struck down a condition that, if "read literally, improperly imposes strict liability because there is no requirement that [the defendant] know or have reason to know or even just suspect that [prohibited] activities are taking place." *United States v. Kappes*, 782 F.3d 828, 849 (7th Cir. 2015) (internal quotation marks omitted). But the Ninth and Tenth Circuits upheld similar conditions because a "reasonable" person would understand that they require knowledge of nearby controlled substances. *See United States v. Muñoz*, 812 F.3d 809, 822–23 (10th Cir. 2016); *United States v. Phillips*, 704 F.3d 754, 768 (9th Cir. 2012). Given this circuit split, the district court did not plainly err. *Madden*, 515 F.3d at 608.

**II.**

We AFFIRM.